## J. NORMAN STORR v. KRIKOR A. KELJIK.[1]

November 1, 1929.

No. 27,466.

*Irl Morse,* for appellant.

*Morphy, Bradford, Cummins & Cummins,* for respondent.

HILTON, J.

Appeal by defendant from an order denying his motion for a new trial.

Plaintiff, the owner of a building in the city of St. Paul, rented to defendant a storeroom therein for a term of five years. The lease therefor, which was in the usual form, contained among others the following provisions:

[1]Reported in 227 N. W. 211.

"Said store to be used for cleaning, repairing and storage of rugs;" that the lessee should "keep said premises and the appurtenances thereof in good order and repair during the said term and promptly replace all glass thereof broken meanwhile with other of the same size and quality;" and also that the lessee should "vacate and surrender said leased premises to said lessor at the expiration of said term, in as good condition and repair as the same were in when said term began, wear and tear of careful use  *  *  *  excepted."

Defendant made various changes in the storeroom. Among others, he partitioned off a portion of the room in the rear thereof for the purpose of washing rugs therein, in which partitioned space he placed a concrete platform or floor four or five inches thick and also placed some cement along the walls for the purpose of preventing water used by him from escaping into and damaging an adjoining room in the same building; a trap door in the part partitioned off was closed up and a new one placed in the main room; one radiator was taken out and the location of two others was changed; alterations were made in the show windows, and glass was removed from the transom and a ventilator installed; shelving was erected and other minor changes made. Plaintiff did not object to the additions and alterations made, some of which he knew were to be made. Defendant vacated the premises at the expiration of the five-year term but in no way restored the room to the condition in which it was at the time he took possession.

Plaintiff removed the partition, shelving, and concrete floor; changed the trap door to where it was originally; placed the radiators in their former locations; replaced broken glass and practically restored the room to the condition it was in at the time defendant took possession. The value of the salvage from the shelving and partition was accounted for, and the evidence is undisputed that all the work so done was necessary to put the room in the required condition, and that the net amount ($254.30) paid therefor was the reasonable value of such restoration. The maple floor (only two years old) under the concrete had dry rotted, and it was neces-

sary to replace it with a new floor. The additions and alterations were not permanent and did not become a part of the realty. Defendant had the right to remove them on the termination of his lease, and it was his duty so to do as well as to restore the room to its previous condition.

At the close of the evidence the trial court instructed the jury to return a verdict in favor of the plaintiff for $265.76, which included interest from April 15, 1928.

An offer of evidence by the defendant as to what was meant by "cleaning business," and other offers that clearly violated the rule that parol evidence is not admissible to vary the terms of a written contract, were properly rejected. The terms of the contract were plain; there was no ambiguity therein; parol evidence was not admissible to explain or vary them. Cases cited by defendant are clearly distinguishable from the facts in this case and are not authorities in conflict with the conclusion reached by the trial court. We have carefully examined the record and briefs and find no difficulty in reaching the conclusion that the order appealed from should be and it is hereby affirmed.

Affirmed.